United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| OVERWATCH VENTURES LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-01244 |
| | § | |
| WESTERN WORLD INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant Western World Insurance Company ("Western World") removed this case to federal court, alleging that diversity jurisdiction exists because Plaintiff Overwatch Ventures, LLC ("Overwatch") improperly joined non-diverse Defendant Galyean Insurance Agency, Inc. ("Galyean") in an effort to avoid removal. Overwatch has moved to remand this case to state court. Because Overwatch has shown a reasonable basis of recovery on at least one claim against Galyean, I recommend Overwatch's Motion to Remand (Dkt. 14) be **GRANTED** and this case be **REMANDED** to the 400th Judicial District Court in Fort Bend County, Texas.

## BACKGROUND

Overwatch owns commercial property. According to the Original Petition filed in state court, Overwatch retained Galyean as its insurance agent. Overwatch contends that it specifically requested Galyean to obtain an insurance policy for Overwatch's property to cover wind or hail damage in a storm event without any exclusions. Galyean provided Overwatch with an insurance policy from Western World, and Overwatch accepted it. After a storm damaged Overwatch's property, Western World refused to pay Overwatch's property damage claim. Earlier this year, Overwatch filed suit against Galyean and Western World in state court. In that case, Overwatch brought the following claims against Galyean: (1) negligence

in procurement of the insurance policy; (2) negligent misrepresentation; and (3) breach of contract. Overwatch also brought various claims against Western World.

Overwatch is a citizen of Texas and Florida because its two members are citizens of those states.[1] Western World is a citizen of New Hampshire and New Jersey because it is incorporated in New Hampshire, and its principal place of business is New Jersey.[2] Galyean is a citizen of Texas because Texas is both its state of incorporation and its principal place of business.

On April 4, 2024, Western World removed this case to federal court on the basis of improper joinder as to Galyean. Overwatch has moved to remand, arguing that because a claim can be properly alleged against Galyean, Galyean is properly joined.

### LEGAL STANDARD ON A MOTION TO REMAND

A defendant may remove any civil action from state court to federal district court that would have original jurisdiction. *See* 28 U.S.C. § 1441(a). There are two general types of cases over which federal district courts have original jurisdiction: those that present a federal question, and those in which there is diversity of citizenship. *See* 28 U.S.C. §§ 1331–1332. Under diversity jurisdiction, district courts have original jurisdiction of all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. *See id.* § 1332(a). Removal is proper in such a case, however, only if there is "complete diversity." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey*, 542 F.3d at 1079 (quotation omitted).

---

[1] The citizenship of a limited liability entity is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[2] A corporation is considered a citizen of both its state of incorporation and the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). This doctrine allows federal courts to defend against efforts to manipulate jurisdiction, such as by joining non-diverse parties solely in an attempt to deprive federal courts of diversity jurisdiction. "If a party has been improperly joined, . . . the lack of complete diversity will not prevent a defendant from removing a case to federal court." *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018). When a "plaintiff improperly joins a non-diverse defendant, . . . the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136; *see also Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) ("If a party is improperly joined, a court may disregard the party's citizenship for purposes of determining subject matter jurisdiction.").

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Because Western World has not alleged actual fraud in Overwatch's pleading of jurisdictional facts, I will consider only the latter method for determining improper joinder.[3] In that situation, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict

---

[3] Western World contends that it also seeks to establish improper joinder by invoking the "'fraudulent pleading' element of the *Smallwood* test." Dkt. 16 at 17–18 (emphasis omitted); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). This is nonsensical. Fraud in the pleading of jurisdictional facts occurs when "the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 199 (5th Cir. 2016). Here, Western World contends that Overwatch has *not* stated a claim against Galyean, and all parties agree that Galyean is non-diverse. Accordingly, the fraudulent pleading prong of the *Smallwood* test is inapplicable.

that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. To make this determination, I may take one of two paths.

On the first path, I "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* The second path is suitable for cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* In those cases, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry," considering summary judgment-type evidence such as affidavits and deposition testimony. *Id.* "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. "For example, the in-state doctor defendant who did not treat the plaintiff patient, the in-state pharmacist defendant who did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12.

Western World bears a "heavy burden" of proving improper joinder. *Id.* at 576. Because federal courts are courts of limited jurisdiction, removal statutes are "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Accordingly, in deciding whether a party has been improperly joined, I must "resolve all contested factual issues and ambiguities of state law in favor of [Overwatch]." *Id.* at 281.

## ANALYSIS

The applicability of the improper joinder doctrine in this case turns on the second prong of the *Smallwood* test: whether Overwatch can establish a cause of action against Galyean in state court. If yes, the case must be remanded. If no, Galyean must be dismissed from the lawsuit and the case remains in federal court.

Although Overwatch brings three causes of action against Galyean, "the existence of even a single valid cause of action against" Galyean "requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Because, as explained below, Overwatch has stated a breach of contract claim against Galyean, I need not consider the two other causes of action Overwatch has brought against Galyean in this case.[4]

I will conduct a Rule 12(b)(6)-type analysis of Overwatch's breach of contract claim against Galyean to determine whether Galyean was improperly joined.[5] When conducting a Rule 12(b)(6)-type analysis, I must determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

---

[4] In its Motion for Remand, Overwatch argues that remand is required because Western World, in its Notice of Removal, allegedly failed to address all three of Overwatch's causes of action against Galyean. "It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground." *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002); *see also Rsrv. at Autumn Creek, LLC v. Everest Indem. Ins. Co.*, No. 4:19-cv-3693, 2020 WL 13413667, at *6 (S.D. Tex. July 20, 2020) ("[F]ailure to address all of the pleaded causes of action against [the non-diverse defendant] in the notice of removal arguably constitutes a waiver of the improper joinder arguments as to those claims and alone justif[ies] remand of the entire case."). But that is not the situation here. In its Notice of Removal, Western World detailed why it believes removal is proper: "[Overwatch]'s claims and allegations against Galyean . . . have no reasonable possibility of success because they involve only Galyean's alleged errors, omissions or misrepresentations regarding insurance coverage [Overwatch] allegedly requested in comparison to the express terms of the Western World insurance policy that [Overwatch] acquired." Dkt. 1 at 2. While I ultimately disagree with that reasoning, Western World has not waived its improper joinder arguments.

[5] In determining whether a defendant has been improperly joined, a district court may exercise its discretion to employ either a Rule 12(b)(6)-type inquiry or a summary inquiry, "but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 207. Inexplicably, Western World urges me to conduct a summary inquiry. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude [Overwatch]'s recovery against [Galyean]." *Smallwood*, 385 F.3d at 573–74. At issue here is not whether Overwatch has "misstated or omitted discrete facts that would determine the propriety of joinder," but rather whether Overwatch has sufficiently stated a breach of contract claim that survives a Rule 12(b)(6) inquiry. *Id.* at 593. Thus, a summary inquiry is not appropriate.

plausible when the plaintiff pleads facts that allow the district court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To adequately plead a breach of contract claim in Texas, Overwatch must allege that "(1) a valid contract exists; (2) [Overwatch] performed or tendered performance as contractually required; (3) [Galyean] breached the contract by failing to perform or tender performance as contractually required; and (4) [Overwatch] sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). "Texas has recognized breach of contract [as a viable cause] of action against an insurance agent who fails to place the insurance his or her client requested." *Roadrunner Transp. Servs., Inc. v. Bob White Express, Inc.*, No. 5:17-cv-457, 2020 WL 4188609, at *3 (W.D. Tex. July 21, 2020).

This is not a close call. Overwatch has sufficiently pleaded a breach of contract claim against Galyean. In the Original Petition, Overwatch alleges it "entered into a contract with Galyean in September 2021 to serve as [Overwatch's] insurance agent and provide a suitable insurance policy to protect [Overwatch's] Property from property damage in the event of wind, hail and/or fire damage." Dkt. 1-2 at 11–12. Overwatch avers that it paid for Galyean's services and, in exchange, Galyean provided Overwatch an insurance policy issued by Western World. Overwatch alleges that "Galyean was aware of [Overwatch's] desire for wind and hail insurance coverage without any exclusions but secured an insurance policy that did not sufficiently cover for wind and hail damage and did have exclusions." *Id.* at 12. As a result, Overwatch claims it suffered monetary damages from wind and hail damage to its property. These allegations, taken as true, are sufficient to state a plausible breach of contract action under Texas law.

Western World points to *Simon v. Tudor Insurance Co.*, No. 05-12-00443-cv, 2014 WL 473239 (Tex. App—Dall. Feb. 5, 2014) for the proposition that "as a matter of law [Galyean] was precluded from misrepresenting the policy's terms

and conditions and [Overwatch] was legally charged with knowledge of those conditions." Dkt. 16 at 16. But *Simon* is inapposite. The doomed breach of contract claim there arose out of an insurer's alleged breach of the insurance policy by "wrongfully refus[ing] to defend the claim" against the insured—not an insurance agent's breach of its contract with an insured. *Simon*, 2014 WL 473239, at *3. *Simon* provides no safe harbor to Western World.

In sum, Western World "has failed to meet its heavy burden to demonstrate improper joinder as to at least [Overwatch]'s breach of contract claim against [Galyean]." *Fuller v. Swingle, Collins & Assocs.*, No. 3:23-cv-1350, 2023 WL 5673451, at *3 (N.D. Tex. Sept. 1, 2023) (granting motion to remand on nearly identical facts). Because the improper joinder doctrine does not apply, this court lacks subject matter jurisdiction. This case belongs in state court.

## CONCLUSION

For the reasons discussed above, I recommend Overwatch's Motion to Remand (Dkt. 14) be **GRANTED** and this case be **REMANDED** to the 400th Judicial District Court of Fort Bend County, Texas.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 10th day of July 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE